## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Andy Zeimes,<br><br>           Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc. and John Doe,<br><br>           Defendants. | Court File No.: _____<br><br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

## PARTIES

1.  Plaintiff Andy Zeimes is a natural person who lives in Shakopee, Minnesota and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.  Defendant Stellar Recovery, Inc. is a debt collection agency incorporated in the state of Florida and has a registered office in Minnesota located at 100 South Fifth Street #1075, Minneapolis, MN 55402.

3.  Stellar regularly collects consumer debts and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

4.  Defendant John Doe is a natural person employed or formerly employed by Stellar. At all times relevant to the claims in this Complaint, Doe regularly collected consumer debts and is therefore "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION

5.  Jurisdiction arises under 28 U.S.C. § 1331 and under 15 U.S.C. § 1692k(d).

6.  Venue is proper in this District because the acts and transactions occurred here, Zeimes lives here, and Stellar conducts business here.

## FACTUAL ALLEGATIONS

7.  Zeimes obtained a HSBC account and used it to make purchases that were primarily for personal, family or household purposes.

8.  The HSBC account is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

9.  Zeimes's HSBC account was placed with Stellar for collection.

10.  On December 19, 2012 Zeimes filed Chapter 13 bankruptcy.

11.  The HSBC account was included in Zeimes's bankruptcy and HSBC was notified of the filing.

12.  Under 11 U.S.C. § 362, there was an automatic stay of all collection activity beginning on the date that Zeimes filed his bankruptcy petition.

13.  On or about May 2, 2013 Zeimes talked to a Stellar collector, named in this lawsuit as John Doe.

14.  During the call, Doe told Zeimes that he was attempting to collect a debt or words to that effect.

15.  The May 2, 2013 conversation was therefore a "communication" as defined by 15 U.S.C. § 1692a(2).

16.  During the call, Zeimes told Doe that he had filed bankruptcy.

17.   Doe asked Zeimes for his attorney's contact information.

18.   Zeimes told Doe that he would have his attorney contact Stellar.

19.   After Zeimes told Doe that he had filed bankruptcy and that he would have his attorney contact Stellar, Doe insultingly told Zeimes that he had two years to deal with this debt and asked him what was wrong with him, or words to that effect.

20.   Zeimes's bankruptcy was later dismissed.

## Summary

21.   By continuing to communicate with Zeimes after he knew that he was represented by an attorney, Doe violated 15 U.S.C. § 1692c(a)(2).

22.   By continuing to collect a debt by insulting Zeimes after he knew that Zeimes had filed bankruptcy, Doe violated 15 U.S.C. § 1692f.

## Respondeat Superior Liability

23.   Doe's acts and omissions were committed within the time and space limits of his agency relationship with Stellar.

24.   Doe's acts and omissions were incidental to, or of the same general nature as, the responsibilities he was authorized to perform by Stellar.

25.   By committing these acts and omissions, Doe was motivated to benefit Stellar.

26.   Therefore, Stellar is liable to Zeimes through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by Doe, including violations of the FDCPA.

## JURY TRIAL

27.   Zeimes requests a jury trial.  U.S. Const. amend. VII.  Fed. R. Civ. P. 38.

## CAUSE OF ACTION

28.   Zeimes repeats the preceding allegations.

29.   The Defendants' attempts to collect a debt from Zeimes violated the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et. seq., specifically sections

1692c(a)(2) and 1692f.

30.   As a result of the Defendants' FDCPA violations, Zeimes is entitled to

statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)

(2)(A) and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

Zeimes requests that judgment be entered against the Defendants:

1.   For statutory damages of $1,000.00 under 15 U.S.C. §1692k(a)(2)(A);

2.   For the costs of litigation and reasonable attorney's fees under 15 U.S.C. §

1692k(a)(3);

(signature follows)

**FRIEDMAN IVERSON, PLLC**

Date:  June 10, 2013

*s/ Todd Murray*

Todd Murray (#347462)
Attorney for Zeimes
509 1ˢᵗ Ave NE, Suite 2
Minneapolis, MN 55413
todd@friedmaniverson.com
(612) 564-4025 (phone)
(612) 392-7979 (fax)

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )


    Andy Zeimes, being sworn, states that:

1.     I'm the Plaintiff in this case.

2.     I've read this Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge.

3.     I believe that this Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this Complaint is not being brought for any improper purpose, such as to harass the Defendant, cause unnecessary delay, or create a needless increase in the cost of litigation to the Defendant.

5.     I've filed this Complaint in good faith and solely for the purposes set forth in it.


Date: June 10, 2013                  *s/ Andy Zeimes*
                                     _____
                                     Andy Zeimes

Subscribed and sworn to before me
this 10th day of June, 2013

*s/ Todd Murray*
_____
Notary Public